# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VAN E. JENKINS,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0526** (BOR Appeal No. 2050920)
(Claim No. 2005045718)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**POINT MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Van E. Jenkins, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

The issue on appeal is whether Mr. Jenkins is entitled to a permanent total disability award. The claims administrator denied an award on February 20, 2014. The Office of Judges affirmed the decision in its November 6, 2015, Order. The Order was affirmed by the Board of Review on May 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jenkins, a former chief electrician, was treated by Clark Adkins, M.D., from February 14, 2007, through June 27, 2007. Dr. Adkins evaluated Mr. Jenkins on February 14,

1

2007, for left knee pain. The left knee had been symptomatic for years but the pain had increased in the past month. He diagnosed severe arthritis and recommended a total knee replacement. On May 23, 2007, Mr. Jenkins returned with a swollen knee after falling at work. Dr. Adkins again recommended a knee replacement. On June 27, 2007, Dr. Adkins wrote a letter indicating he treats Mr. Jenkins for advanced arthritis in the knee that will likely need surgery in the future. He noted that Mr. Jenkins had no knee pain until a work-related injury in June of 2005. Mr. Jenkins submitted an application for permanent total disability on August 25, 2011.

A functional capacity evaluation was performed by Arthur Lilly, M.S., A.T.C., on July 29, 2013. Mr. Lilly found that the evaluation produced invalid results. He stated that the results suggest Mr. Jenkins gave a self-limiting effort. Mr. Lilly stated that Mr. Jenkins used an exam table for stabilization while standing and was unable to walk twelve feet three times for a test. However, Mr. Jenkins was able to walk in and out of the hospital on his own. Mr. Lilly stated that he was unable to assess his current physical demand level.

Casey Vass, R.N., M.S., C.R.C., performed a vocational assessment on August 19, 2013. He noted that Mr. Jenkins has cardiac arrhythmia, high blood pressure, right shoulder arthritis, and arthritis in his feet. He uses a cane and walker. He also has shortness of breath. Mr. Vass opined that all of the limitations are work-related. It was noted that Mr. Jenkins went to college but did not graduate. He has certificates as an underground miner, electrician, and mine foreman. After his last workers' compensation injury, Mr. Jenkins was able to return to work until he was laid off in 2007. Mr. Jenkins has not returned to work since that time. Mr. Vass found that Mr. Jenkins had transferrable skills including supervisory positions, an ability to read electrical blue prints and make repairs, and the ability to operate various mine equipment. It was determined that this would allow him to work as a salesman in mine-related products or as a dispatcher, which would be sedentary. Mr. Vass concluded Mr. Jenkins could operate at the medium functional capacity when he was laid off in 2007 but his current exertional level is unknown. The report listed several jobs available in a seventy-five mile radius. Mr. Vass concluded that Mr. Jenkins's last injury did not prevent him from engaging in gainful employment, as demonstrated by his return to work after the injury.

On February 10, 2014, the Permanent Total Disability Review Board found that Mr. Jenkins met the first threshold for a permanent total disability award of 50% or more in permanent partial disability awards. However, it was determined that he was not permanently and totally disabled from a vocational perspective. Its decision was based on the invalid functional capacity evaluation and Mr. Vass's vocational report which found jobs Mr. Jenkins could perform. The claims administrator denied the request for a permanent total disability award on February 20, 2014.

Mr. Jenkins testified in a deposition on January 20, 2015, that he took required college classes at a career school while teaching auto mechanics and denied ever attending Marshall University. He stated that he worked in the mine until 2007 when it closed. He was ready to quit prior to the mine closing due to his work-related impairments, but the mine owner asked him to stay and work in an office outside of the mine to troubleshoot equipment. Mr. Jenkins stated that he had back surgery due to work related injuries, and he continues to have severe pain and

2

limited range of motion. He also injured both knees and his right rotator cuff. He asserted that he has trouble sitting, standing, walking, and bending. He stated that he cannot drive because of pain in his back and legs. He cannot walk two blocks, has severe shoulder pain, and uses a cane. He also has severe hearing loss and shortness of breath. Mr. Jenkins denied applying for unemployment after being laid off, a contradiction of Mr. Vass's report. Mr. Jenkins asserted that he applied for and received social security disability benefits right after being laid off. He also denied ever receiving a mine foreman certification even though Mr. Vass's report indicates he has one. Mr. Jenkins testified that he is physically incapable of performing any of the jobs listed in Mr. Vass's vocational report. He asserted that he no longer has hobbies like hunting and fishing, and his girlfriend does the housework.

Mr. Jenkins was surveilled on June 13, 2015, and neighbors were interviewed regarding his activities. A neighbor reported that Mr. Jenkins was often seen driving to and from home. Another neighbor stated that he hires teenagers to mow his yard because he is unable. He also said Mr. Jenkins walks with a cane. Mr. Jenkins was observed, during the surveillance, driving to the local post office, a very short distance away. A Division of Natural Resources License search indicates Mr. Jenkins got a bear hunting license in 2008; a deer archery, deer muzzle loader, bear hunting, trout fishing, and bow package in 2009, 2010, and 2011; and a trout fishing license in 2013.

The Office of Judges affirmed the claims administrator's decision in its November 6, 2015, Order. It determined that Mr. Jenkins failed to show by a preponderance of the evidence that he was permanently and totally disabled due to his work-related injuries. The only vocational evidence of record was Mr. Vass's report, which found jobs within seventy-five miles that Mr. Jenkins could perform. The Office of Judges found that Mr. Jenkins attacked the foundation of Mr. Vass's report when he denied taking classes at Marshall University, denied receiving a foreman's certification/supervisor position, denied that his electrical certification permits him to do commercial work, denied filing for unemployment after being laid off, and denied that the can use a computer. However, the Office of Judges determined that Mr. Jenkins's deposition testimony was called into question by inconsistent statements and the invalid functional capacity evaluation. Mr. Jenkins testified that he cannot drive and that his neighbor brings his mail; however, he was observed driving himself to the post office. Also, a neighbor stated that he sees Mr. Jenkins driving often. The Office of Judges found that Mr. Jenkins offered no rebuttal evidence regarding his ability to drive. He also denied inconsistent physical activities before and after the functional capacity evaluation but the report notes that he reported difficulty standing but was seen walking in and out of the hospital. Lastly, Mr. Jenkins testified that he no longer hunts or fishes but a license search of the Division of Natural Resources shows he had a bear hunting license through 2009 and was licensed for archery and mussel loader seasons through 2011. This evidence was determined to contradict his assertion that he was permanently and totally disabled when he was laid off from the mines in 2007. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 3, 2016.

After review, we agree with the conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates there are jobs within Mr. Jenkins's geographical area which he could perform. He is therefore not permanently and totally disabled.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker